**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**


| | | |
|---|---|---|
| WASEEM DAKER (GDC 901373), | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-118-RWS |
| JOHN ROBINSON, et al., | : | |
|     Defendants. | : | |

_____          _____

| | | |
|---|---|---|
| WASEEM DAKER (GDC 901373), | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-119-RWS |
| JOHN MARK DAWES, | : | |
|     Defendant. | : | |


## <u>ORDER</u>

Waseem Daker, the plaintiff in the two civil rights cases listed in the caption,

has been the plaintiff, petitioner, or appellant in over *fifty* cases and appeals filed in

courts in the Eleventh Circuit.  *See* www.pacer.gov (searched for "Daker, Waseem";

last viewed September 11, 2013).  In the cases listed in the caption, Daker was denied

permission to proceed *in forma pauperis* ("IFP") and ordered to pay the applicable

filing fees.  *See* [-118 Doc. 3; -119 Doc. 3].  When Daker failed to do so within the prescribed time, a magistrate judge of this Court entered a Final Report and Recommendation ("Final R&R"), recommending dismissal pursuant to Local Rule 41.3A(2).  *See* [-118 Doc. 11; -119 Doc. 11].

This case is now before the Court on that Final R&R, Daker's Objections thereto [-118 Doc. 16; -119 Doc. 16], Daker's Motion for Consideration of Motions for Reconsideration of IFP Status [-118 Doc. 17; -119 Doc. 17], and Daker's Supplemental Objections [-118 Doc. 18; -119 Doc. 18], and the Court has reviewed the Final R&R *de novo* in light of Daker's objections.  *See* 28 U.S.C. § 636(b).

First, Daker asserts in his Objections that "the R&R does not address or consider that Plaintiff filed a motion for reconsideration of [IFP] status." [-118 Doc. 16 at 2; -119 Doc. 16 at 2].  Although the Final R&R did not address Daker's motion for reconsideration, that motion was addressed at length and denied in an Order that Daker fails to acknowledge.  *See* [-118 Doc. 10 at 6-8; -119 Doc. 10 at 6-8].  Because Daker's motion for reconsideration had already been separately addressed, it was not required to be addressed again in the Final R&R.  This objection is **OVERRULED**.

Second, Daker asserts in his Objections and Supplemental Objections that the United States Court of Appeals for the Eleventh Circuit has granted him IFP status in

2

recent cases. *See* [-118 Doc. 16 at 2; -118 Doc. 18 at 1; -119 Doc. 16 at 2; -119 Doc. 18 at 1]. In fact, in the five cases cited by Daker, the Eleventh Circuit expressly *denied* him permission to proceed IFP. *See In re Daker*, No. 12-14369 (11th Cir. Aug. 24, 2012) (Order dated November 7, 2012 denying motion for permission to proceed IFP); *In re Daker*, No. 12-12074 (11th Cir. Apr. 19, 2012) (Order dated May 24, 2012 denying motion to proceed IFP and Order dated July 9, 2012 denying motion for reconsideration of denial of motion to proceed IFP); *In re Daker*, No. 12-12073 (11th Cir. Apr. 19, 2012) (Order dated June 7, 2012 denying motion to proceed IFP and Order dated October 11, 2012 denying motion for reconsideration of denial of motion to proceed IFP); *In re Daker*, No. 12-12072 (11th Cir. Apr. 19, 2012) (Order dated May 31, 2012 denying motion to proceed IFP and Order dated July 12, 2012 denying motion for reconsideration of denial of motion to proceed IFP); *In re Daker*, No. 11-11937 (11th Cir. Apr. 29, 2011) (Order dated June 3, 2011 denying motion to proceed IFP and Order dated July 20, 2011 denying motion for reconsideration of denial of motion to proceed IFP).

The Eleventh Circuit dismissed two of those cases in response to Daker's later motions for voluntary withdrawal; the other three cases, however, were dismissed by

3

the Eleventh Circuit for want of prosecution because Daker failed to pay the required docketing fees. *See In re Daker*, No. 12-14369 (11th Cir. Aug. 24, 2012) (Order dated December 11, 2012 dismissing case for want of prosecution for failure to pay docketing fee); *In re Daker*, No. 12-12073 (11th Cir. Apr. 19, 2012) (Order dated July 12, 2012 dismissing case for want of prosecution for failure to pay docketing fee); *In re Daker*, No. 12-12072 (11th Cir. Apr. 19, 2012) (Order dated August 6, 2012 dismissing case for want of prosecution for failure to pay docketing fee). This objection is also **OVERRULED**.

As supplemented by the discussion above, the Court hereby **APPROVES** and **ADOPTS** the Final R&R as its Order and **DISMISSES WITHOUT PREJUDICE** Daker's complaints [-118 Doc. 1; -119 Doc. 1] in the cases listed in the caption. The Court **DENIES** Daker's Motion for Consideration of Motion for Reconsideration of IFP Status [-118 Doc. 17; -119 Doc. 17], as the motion for reconsideration referred to therein was previously denied, *see* [-118 Doc. 10; -119 Doc. 10].

Daker is reminded that this Court's Local Rules prohibit the filing of motions for reconsideration as a matter of routine practice and prohibit altogether the filing of "motions to reconsider the court's denial of a prior motion for reconsideration." LR 7.2E, NDGa.

4

**SO ORDERED**, this  12th  day of September, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)