**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| WASEEM DAKER (GDC 901373),   Plaintiff, | : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : | CIVIL ACTION NO. 1:12-CV-118-RWS |
| JOHN ROBINSON, et al.,   Defendants. | : : | |

| | | |
|---|---|---|
| WASEEM DAKER (GDC 901373),   Plaintiff, | : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : | CIVIL ACTION NO. 1:12-CV-119-RWS |
| JOHN MARK DAWES,   Defendant. | : : | |

**ORDER**

This matter is before the Court on state inmate Waseem Daker's "Rule 59(e) Motion to Vacate 9/12/13 Order and Judgment" [-118 Doc. 21; -119 Doc. 21] and "Rule 59(e) Motion to Recuse Judge Richard W. Story and Motion to Vacate 9/12/13 Order and Judgment" [-118 Doc. 22; -119 Doc. 22]. For the following reasons, each of those motions is **DENIED**.

Daker has been the plaintiff, petitioner, or appellant in over *fifty* cases and appeals filed in courts in the Eleventh Circuit. *See* www.pacer.gov (searched for

"Daker, Waseem"; last viewed January 16, 2014). Daker has been repeatedly cautioned that it is a violation of this Court's Local Rules to file motions for reconsideration as a matter of routine practice and that motions for reconsideration of the denial of earlier motions for reconsideration are prohibited. *See, e.g.*, [-118 Doc. 19; -119 Doc. 19]. Nevertheless, Daker has done exactly that here.

Daker's "Rule 59(e) Motion to Vacate 9/12/13 Order and Judgment" [-118 Doc. 21; -119 Doc. 21] is a motion to reconsider the denial of his previous motions to reconsider the denial of his applications for permission to proceed *in forma pauperis* in these cases. *See, e.g.*, [-118 Doc. 6 ("Motion for Reconsideration of 2/19/12 Order Denying Leave to Proceed *In Forma Pauperis*") & Doc. 8 ("Supplemental Motion for Reconsideration of 2/9/12 Order Denying Leave to Proceed *In Forma Pauperis*"); -119 Doc. 6 (same) & Doc. 8 (same)]. These two motions are denied because they have been filed in violation of this Court's Local Rules. *See* LR 7.2E, NDGa. And, in any event, Daker's requests for permission to proceed *in forma pauperis* in these cases were appropriately denied on the merits, as detailed in prior Orders. *See, e.g.*, [-118 Docs. 3, 10, 19; -119 Docs. 3, 10, 19].[1]

---

[1] It is worth noting that Daker has now accumulated "three strikes" and he is no longer eligible to proceed *in forma pauperis* in § 1983 cases like these unless he is under imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g);

Daker's "Rule 59(e) Motion to Recuse Judge Richard W. Story and Motion to Vacate 9/12/13 Order and Judgment" [-118 Doc. 22; -119 Doc. 22] is, in essence, a motion for reconsideration of the denial of Daker's prior "Motion to Recuse Judge[] Richard W. Story" [-118 Doc. 4; -119 Doc. 4], and "Supplement to Motion to Recuse Judge Richard W. Story" [-118 Doc. 9; -119 Doc. 9]. Those motions were denied on the merits for the reasons stated in prior Orders. *See* [-118 Doc. 10; -119 Doc. 10].

Daker now contends that reconsideration is supported by "newly discovered evidence, new developments, the need to correct clear error, or the need to correct manifest injustice." [-118 Doc. 22 at 1; -119 Doc. 22 at 1]. The sole new support Daker offers, however, is his own unsubstantiated allegation that the undersigned had *ex parte* conversations in September 2012 with the state court judge who presided

---

*Daker v. Warren*, No. 1:13-CV-3053-RWS (N.D. Ga. Sept. 11, 2013) [Doc. 5 therein]. Although some of those strikes post-date Daker's filing of complaints in the two cases listed in the caption, they pre-date the filing of his appeals in these cases, *see* [-118 Doc. 23; -119 Doc. 23], and should be considered in determining whether he is eligible to bring this appeal *in forma pauperis*, as neither complaint alleges that he is in "imminent danger."

3

over Daker's state murder trial.[2] *See* [-118 Doc. 22 at ¶¶10-13; -119 Doc. 22 at ¶¶10-13]. Daker, however, offers no evidence to backup this bare allegation.

There are only two grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e): "'newly discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2009) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Here, Daker has neither presented any new evidence, nor identified any manifest error. Rather, Daker is simply seeking to "relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment," none of which is a basis for relief in a Rule 59(e) motion. *Michael Linet, Inc. v. Village of Wellington, Fla*. 408 F.3d 757, 763 (11th Cir. 2005). Because Daker is not entitled to relief under Rule 59(e), his motions for reconsideration are appropriately denied.

---

[2] Daker also continues to complain that the undersigned's denial of motions that he filed in his numerous other federal cases amount to "rubberstamp ruling against Mr. Daker [and] display a deap-seated favoritism or antagonism." [-118 Doc. 22 at 2; Doc. -119 Doc. 2 at 2]. This repeats an argument that Daker made in his original recusal motions and supplements. *See, e.g*., [-118 Doc. 4 at 2-4; -119 Doc. 4 at 2-4]. As that argument has already been considered and denied on the merits, *see* [-118 Doc. 10 at 3; -119 Doc. 10 at 3], and a motion for reconsideration is an inappropriate way to "relitigate old matters," *Michael Linet, Inc. v. Village of Wellington, Fla*. 408 F.3d 757, 763 (11th Cir. 2005), this old argument warrants neither reconsideration, nor additional discussion.

4

Once again, Daker is reminded that this Court's Local Rules prohibit the filing of motions for reconsideration as a matter of routine practice and prohibit altogether the filing of "motions to reconsider the court's denial of a prior motion for reconsideration." LR 7.2E, NDGa.

**SO ORDERED**, this  16th  day of January, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE